OCTOBER AND NOVEMBER TERM, 1884, No. 79.    OCTOBER 30, 1884.

## Muse v. Douglass et al.

Where in an issue devisavit vel non evidence has been given of great imbecility of mind. and of improper influence in making the testamentary devise, the helpless and dependent condition of children and grandchildren who were strongly discriminated against may be shown as bearing on the question of imbecility or restrained volition.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to Court of Common Pleas, No. 2, of *Allegheny County*.

Issue *devisavit vel non*, between John Muse and Margaret Douglass and James Edward Myers, by his next friend, Margaret Douglass, to determine the validity of the will of Robert Douglass, deceased.

At the trial, March 4, 1884, before KIRKPATRICK, J., it appeared that Robert Douglass made a will, on January 19, 1878, wherein he bequeathed his personal estate to his wife, together with a life interest in one third of his realty; to his daughter, Margaret, $300, and to his grandson, James Edward Myers, $200, and the residue of his estate to his sister, Maria Weddell. He directed his executor to sell the real estate, leaving one third of the proceeds as an incumbrance upon it to secure the life interest of his wife, and the residue, after payment of the legacies to his daughter and grandson, to be paid to Mrs. Weddell. The testimony showed that Douglass was a

[Muse *v.* Douglass *et al.*]

man of weak intellect; that he had been several times
confined in an asylum, and that at one time he had had a
committee appointed to take charge of his estate. It
also appeared that insanity was hereditary in his family.

*John C. Rankin* was called by the defendant, and
asked:

Do you know the condition his (testator's) daughter
and grandson were in, financially ?

Objected to by plaintiff as incompetent and irrelevant.

THE COURT: Testimony received; objection overruled.
Exception.

(First assignment of error.)

*Q.* Do you know what her (the daughter's) physical
capacity was to work for herself ?

Objected to as incompetent and irrelevant.

The Court admitted the testimony under exception.

(Second assignment of error.)

The defendant offered, *inter alia*, the following point :

"*Fourth.* If the jury find from the evidence that Maria
Weddell, who inherits, under the alleged will, the bulk of
the estate of ·Robert Douglass, is already well-to-do, and
not needing such bounty, and that the defendants, Robert
Douglass' daughter and his orphan grandson, are almost
penniless and in need, they may take these facts into con-
sideration in passing upon the questions of want of tes-
tamentary capacity and undue influence."

*A.* "Affirmed."

(Sixth assignment of error.)

Verdict for the defendants, and judgment thereon.

The plaintiff thereupon took this writ, assigning for
error, *inter alia*, the action of the Court in receiving the
testimony as above and affirming the defendants' points.

*A. M. Brown* and *E. P. Douglass* for plaintiff in error.

The first, second, and sixth specifications of error prove
that testimony was admitted to show that Margaret
Douglass and James E. Myers were very poor; that Mar-
garet was not physically strong, and much more of the
same sort. This, we submit, was not simply erroneous,
but strongly tended to produce the result reached by the·
trial—a verdict giving the property to these impecunious
people, mainly because of their poverty.

If the validity of wills is to be determined by such
facts, few of them would be upheld. The most impecu-
nious of the next of kin are sometimes the most unde-
serving of bounty; and a testator, having testamentary
capacity, has the right to nominate the objects of his

[Muse v. Douglass *et al.*]

bounty, although his judgment may not be approved by his neighbors. Under the rulings in the present case, the verdict could not be otherwise than in favor of the penniless contestants, and against the presumably rich legatee.

*John Dalzell* and *J. W. Baillie* for defendants in error.

The first, second, and sixth assignments of error relate to the same subject. The Court below admitted evidence tending to show the miserable condition, pecuniary and physical, of Robert Douglass' only living daughter, to whom, under the alleged will, was left a pittance of $300, and charged the jury that if, under the evidence, they found that Maria Weddell, to whom was left the bulk of the estate, was well-to-do and not in need of such bounty, they might take these facts into consideration in passing upon the questions of the validity of the will.

The evidence was admissible and the charge was right.

"The fact that a man's will is unaccountably contrary to the common sense of the country is not sufficient, *ipso facto*, to set it aside. But certainly that which outrages common feeling, and displays a want of natural affection, is a fact to be considered, along with other evidence, in the question of unsoundness or delusion of mind." Bitner *v.* Bitner, 65 Penn. St., 362; Pidcock *v.* Potter, 68 Penn. St., 352.

NOVEMBER 10th, 1884.—PER CURIAM : The evidence of unsound mind of the testator, for many years, was so clear and strong that it increased the probability of improper influence having been exercised over him. While a person of sound mind may disinherit those who are most nearly related to him by blood, and who would inherit from him in case he died intestate, yet after some evidence is given of great imbecility of mind, and of improper influence in making the testamentary devise, the helpless and dependent condition of such near relatives who were strongly discriminated against may be shown as bearing on the question of imbecility or restrained volition. Wholly unexplained, it is a fact proper to consider as indicating the absence of a reasonable natural affection implanted in the human mind. The assignments are not sustained.

Judgment affirmed.